1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

# UNITED STATES  DISTRICT COURT

## Northern District of California

### San Francisco Division

NICANDRO SANCHEZ,

                Petitioner,

    v.

COUNTY OF SANTA CLARA,

                Respondents.

_____/

No. 15-cv-4057 LB

**ORDER OF DISMISSAL**

[Re: ECF Nos. 1, 8]

    Nicandro Sanchez, an inmate at the North Kern State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a recent conviction from the Santa Clara County Superior Court. He consented to proceed before a magistrate judge. (ECF No. 4.)[1] This order dismisses the action without prejudice to Mr. Sanchez filing a new action after he exhausts state court remedies.

    According to his petition, Mr. Sanchez was convicted upon a no contest plea in Santa Clara County Superior Court of possession of ammunition on June 17, 2015, and was sentenced to 32 months in prison. (ECF No. 1 at 1.)  The petition states that Mr. Sanchez did not appeal and that the only collateral proceeding filed or pending in state court is a "sentence modification" that is "still processing" in the Santa Clara County Superior Court. (*Id.* at 2.)  The California courts' website for appellate case information, www.appellatecases.courtinfo.ca.gov, shows no action filed by Mr. Sanchez in the Sixth District California Court of Appeal and no action filed by Mr. Sanchez in the

---

    [1]Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1  California Supreme Court.

2      This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

3  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

4  Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). A district court

5  considering an application for a writ of habeas corpus shall "award the writ or issue an order

6  directing the respondent to show cause why the writ should not be granted, unless it appears from

7  the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

8      The exhaustion rule requires that a prisoner in state custody who wishes to challenge his state

9  court conviction in federal habeas proceedings must first exhaust state judicial remedies, either on

10  direct appeal or through collateral proceedings, by presenting the highest state court available with a

11  fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. *See*

12  28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454

13  U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity

14  to give the state "'an initial "opportunity to pass upon and correct" alleged violations of its

15  prisoners' federal rights.'"  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted).

16  Although the exhaustion requirement is a matter of comity rather than jurisdictional, the court

17  generally may not grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1)(A); *Granberry*

18  *v. Greer*, 481 U.S. 129, 133-34 (1987).

19      The district court must dismiss a petition containing only unexhausted claims. *See Rasberry v.*

20  *Garcia*, 448 F.3d 1150, 1154 (9th Cir 2006); *Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001). The

21  court does not have the authority to grant a stay for a petitioner to return to state court to exhaust his

22  state court remedies when the federal petition contains only unexhausted claims. *See Rose v. Lundy*,

23  455 U.S. at 510; *King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009) (stay under *Rhines v. Weber*,

24  544 U.S. 269 (2005), only available for a mixed petition).

25      The information in the petition discloses that Mr. Sanchez's petition is a fully unexhausted

26  petition. That is, state court remedies have not been exhausted for any of his claims exhausted

27  because he has not given the California Supreme Court a fair opportunity to rule on any of them.

28  The court cannot stay a fully unexhausted petition to allow the petitioner to exhaust, and must

UNITED STATES DISTRICT COURT
For the Northern District of California

1  instead dismiss it.

2      This action is DISMISSED without prejudice to Mr. Sanchez filing a new action in this court

3  after he exhausts state court remedies as to each claim contained in his new petition. Once he

4  exhausts his state court remedies, Mr. Sanchez is cautioned *not* to file an amended petition in this

5  action and not to use the case number for this action because this action is being closed today. When

6  he files a new petition, he should put no case number on the first page, and should submit it with the

7  $5.00 filing fee or a completed *in forma pauperis* application. At that time, the court will give the

8  new petition a new case number. Mr. Sanchez is urged to act diligently to exhaust his state court

9  remedies and to file his new federal habeas petition after he receives a decision from the California

10  Supreme Court to avoid running afoul of the one-year statute of limitations on the filing of federal

11  habeas petitions, 28 U.S.C. § 2244(d).

12      Finally, the court notes that Mr. Sanchez did not mention any federal constitutional basis for any

13  of his claims. He is cautioned that the federal court has not authority to consider state law errors and

14  may only grant relief for violations "of the Constitution or laws or treaties of the United States."  28

15  U.S.C. § 2254(a).

16      Mr. Sanchez's *in forma pauperis* application is GRANTED. (ECF No. 8.)

17      The clerk shall close the file.

18      **IT IS SO ORDERED.**

19  Dated: September 29, 2015

                                                    _____
20                                                   LAUREL BEELER
                                                    United States Magistrate Judge

21

22

23

24

25

26

27

28

15-cv-4057 LB
ORDER                                3